IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY WADE BROOKS, a/k/a GREGORY WADE BROOKS, II, *Plaintiff,* v. HARRIS COUNTY JAIL, *Defendant.* | § § § § § § § § § § § | Civil Action No. H-18-1219 |

**ORDER OF DISMISSAL**

Plaintiff, a pretrial detainee in custody at the Harris County Jail, filed this *pro se* section 1983 lawsuit seeking a "cash settlement" of $5 million from the Harris County Jail. In support, plaintiff complains that his bail as a second offender was set at $15,000.00, which he cannot afford. He contends that he should have been released on a personal bond. Plaintiff seeks leave to proceed *in forma pauperis*.

The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that no federal issue has been raised, the Court will dismiss this lawsuit under section 1915, as follows.

**I. ANALYSIS**

A. <u>Standards of Review</u>

A complaint filed *in forma pauperis* that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). 28 U.S.C.

§ 1915(e) requires dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A) and (B). Under 28 U.S.C. § 1915(e)(2)(A) and (B), a district court may dismiss a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee if the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

B.  Harris County Jail

Plaintiff names the Harris County Jail as the sole defendant in this lawsuit. However, in Texas, a county jail is not a jural entity subject to suing or being sued unless the county has taken explicit steps to grant the department jural authority. *See Walker v. Anderson*, 2012 WL 6044937, at *2 & n. 11 (N.D. Tex. Dec.5, 2012) (citing cases); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff presents no authority establishing that the Harris County Jail has been granted jural authority to sue or be sued in its own right, and the Court finds none.

Moreover, plaintiff sets forth no facts or legal authority establishing that Harris County had any authority to grant him a personal bond. Indeed, under state law, the granting of a personal bond is within the discretion of the magistrate judge or trial court. *See* TEX.

CODE CRIM. PRO. art. 17.03. In plaintiff's case, the magistrate judge and the state district court are vested with statutory discretion to grant him a personal bond.

C. No Constitutional Issue

Regardless, plaintiff's factual allegations do not state a viable section 1983 claim. Plaintiff does not complain that the $15,000.00 bond was unconstitutional or excessive. Rather, he asserts that he should have been granted a personal bond.

Neither the United States Supreme Court nor the Fifth Circuit Court of Appeals has held that state felony pretrial detainees are constitutionally entitled to pretrial release pursuant to a personal bond. As stated above, the granting of a personal bond is within the discretion of the magistrate judge and trial court under Texas law. *See* TEX. CODE CRIM. PRO. art. 17.03. To any extent plaintiff claims entitlement to a personal bond under the recently amended Harris County pretrial bond schedule, he must seek a personal bond from the state district court in which his criminal charges are pending. Plaintiff alleges no facts demonstrating the violation of a federal constitutional or statutory right, and he fails to state a claim for which relief can be granted under section 1983.

## II. CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted under section 1983. Any and all pending motions are **DENIED AS MOOT**. This dismissal constitutes a strike for purposes of section 1915(g).

The Clerk of Court is directed to provide a copy of this order to plaintiff. The Clerk will also provide a copy of this order by regular mail or e-mail to: (1) the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and (2) Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 23rd day of April, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE